Michael DiLORETO and Andrew
DiLoreto, Plaintiffs Below,
Appellants,

v.

TIBER HOLDING CORPORATION,
Defendant Below, Appellee.

No. 155, 2001.

Supreme Court of Delaware.

Submitted: Oct. 10, 2001.
Decided: Oct. 23, 2001.

Ronald A. Brown, Jr., Prickett, Jones & Elliott, Wilmington, for Appellants.

Sean P. McDevitt and Joseph S. Naylor, Pepper Hamilton, LLP, Wilmington; Thomas E. Zemaitis (argued), Pepper Hamilton LLP, Philadelphia, Pennsylvania, of counsel, for Appellee.

Before WALSH, BERGER, and STEELE, Justices.

PER CURIAM:

This is an appeal from a decision of the Court of Chancery on cross motions for summary judgment by appellants/plaintiffs-below Michael and Andrew DiLoreto ("DiLoretos") and appellee/defendant-below Tiber Holding Corporation ("Tiber"). DiLoretos are minority shareholders in Tiber, a closely-held Delaware corporation. DiLoretos brought suit against Tiber seeking specific performance of provisions in Tiber's Certificate of Incorporation and bylaws which entitled them to "put" their shares to Tiber for repurchase.

The Court of Chancery awarded DiLoretos specific performance of the mandatory buyback provision, subject to Tiber's potential setoff against certain judgments in favor of Tiber and against DiLoretos. Because the parties were unable to agree on the value of the shares to be repurchased, the Court of Chancery appointed a Special Master to determine that value and the extent of any setoff in Tiber's favor. *Id.* The Special Master's report was approved and adopted by the Court of Chancery on February 20, 2001, over DiLoretos' objection.

On appeal, DiLoretos argue that the Court of Chancery erred in (i) finding that the bylaws unambiguously established a formula resulting in a repurchase price of $27,493.33 per share for DiLoretos' Tiber stock; (ii) allowing Tiber to setoff the full amount it will owe to DiLoretos for the repurchase of their shares against outstanding judgments Tiber has against DiLoretos; and (iii) ordering DiLoretos to consummate the repurchase transaction by delivering their stock certificates to Tiber.

 Upon review of the record and the contentions of the parties, we conclude that the Court of Chancery's ruling that there is no ambiguity in the term "financial statement" as used in the applicable bylaws is supported by the record. We agree with the Court of Chancery that a reasonable shareholder would expect to have its shares value based upon the consolidated, audited, annual financial statements of the corporation rather than a year-end balance sheet prepared in conjunction with the corporation's annual tax return, particularly where that balance sheet double counts the assets of the corporation and its subsidiaries.

 We also find no error in the trial court's recognition, as a setoff, of the final judgment secured by Tiber against DiLoretos in a prior proceeding arising out of the misuse by DiLoretos of the corporation's assets. In fixing the amount of the setoff, the Court of Chancery was not required to consider the potential tax liability of the shareholders who sought specific performance to require the corporation to repurchase their shares. With respect to the Court of Chancery's ruling that DiLoretos' attorney's charging lien does not have precedence over the prior Tiber judgments, we deem it unnecessary to endorse a bright line rule based on priority in time. The rationale for permitting attorneys to assert a charging lien is the promotion of justice and equity. *Royal Ins. Co. v. Simon,* Del.Ch., 174 A. 444, 446 (1934). The allowance of a charging lien by the Court of Chancery requires a balancing of the equities, including, as here, the knowledge

of the attorney at the time of the entry of any contingent fee agreement of the potential setoff available to Tiber. Appellate review of that ruling is based on an abuse of discretion standard. Here, the Court of Chancery examined all the circumstances of the fee arrangement, including the priority of the judgment, in refusing to recognize a charging lien. Clearly, there was no abuse of that discretion and accordingly we affirm.

■ Finally, we find no merit in DiLoretos' contention that, notwithstanding the grant of specific performance, they may choose the time for surrender of their stock certificates. Had DiLoretos sought a ruling on their entitlement to put their shares they could have sought a declaratory judgment that the buyback provisions were valid and enforceable. DiLoretos secured the relief they originally requested after requiring Tiber to defend the litigation. DiLoretos have cited no authority, nor are we aware of any, which permits a party seeking specific performance based on present entitlement to dictate the terms of performance. The Court of Chancery acted within its discretion in ordering the delivery of the shares, properly endorsed, within a limited period of time.

The judgment of the Court of Chancery is AFFIRMED.